■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYNTHIA ALI, Appellant. [729 NYS2d 136] —Judgment, Supreme Court, New York County (Micki Scherer, J., at hearing; John Stackhouse, J., at jury trial and sentence), rendered February 24, 2000, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly determined that, during her cross-examination, defendant opened the door for limited inquiry into her prior New Jersey conviction by her testimony concerning her conversations with the arresting officers while out on bail, in which testimony she attempted to bolster her credibility and portray herself as an innocent person who was in the wrong place at the wrong time and was being victimized by the police. Defendant's denial that there was anything more to one conversation with a Detective Hernandez opened the door for the People to further cross-examine her with respect to certain aspects of her claims which paralleled her statements concerning the New Jersey conviction, and for the detective to testify in rebuttal (see, People v Melendez, 55 NY2d 445, 451). According to the detective, in one of these conversations, defendant raised the New Jersey conviction, stating that she had taken the blame for someone else's conduct. Such testimony was clearly relevant in that it permitted the jury to fairly as-

sess the credibility of defendant's current claims (see, *People v Washington*, 219 AD2d 502, *lv denied* 87 NY2d 909). Even were we to find that the door had not been opened, we would find any error harmless since none of the information initially sought to be used by the prosecution and precluded by the court's original *Sandoval* ruling (i.e., the location of the prior misdemeanor arrest and the amount of drugs and the intent to sell element of the prior felony conviction) was brought out either on cross-examination or on rebuttal. We have considered and rejected defendant's remaining claims. Concur—Rosenberger, J. P., Andrias, Rubin, Buckley and Marlow, JJ.